No. 10,721.

HURST v. BRUIN, as Constable.

Decided October 1, 1923.    Rehearing denied November 5, 1923.

Action against a constable for the value of property sold under execution. Judgment for defendant.

*Affirmed.*

*On Application for Supersedeas.*

1. APPEAL AND ERROR—*Rulings on Testimony—No Exception.* Assignments of error based on rulings of the trial court on the admission of evidence, will not be considered on review, where no exceptions were taken to such rulings.

2. *Harmless Error.* Where the court, over objection, permitted testimony by the defendant to the same effect as that given by plaintiff, the error, if any, held not prejudicial.

3. EXEMPTIONS—*Proof.* In an action against a constable for the sale of exempt property under execution, there being no evidence that the property sold was exempt under the law, a judgment for defendant is affirmed.

*Error to the District Court of Pitkin County, Hon. John T. Shumate, Judge.*

Mr. J. W. BELL, for plaintiff in error.

Mr. H. W. CLARK, for defendant in error.

*Department Two.*

MR. CHIEF JUSTICE TELLER delivered the opinion of the court.

PLAINTIFF in error sought to recover from the defendant in error the value of certain tools of trade alleged to have been sold by the latter as special constable under an execution, which tools, it is claimed, were exempt from execution. The trial was to the court, who found for the defendant and dismissed the case. The action was begun by attachment, it being alleged that the defendant in the case had left the state. No objection is made to the form of the action.

It is assigned as error that the court in one case erred in permitting a witness to testify, and in another in not permitting one to testify. No exception was taken to the ruling of the court in either case.

It is further assigned as error that the court permitted the defendant to testify as to what bank a check made by the plaintiff was drawn on. The bank was located in Wyoming, and the purpose of the testimony clearly was to show that the plaintiff had left the state, and was residing in Wyoming. As his own testimony was to the same effect, there is no reason to suppose that the testimony in question was prejudicial.

It is contended that the judgment is not supported by the facts proven. There was evidence from which the court might reasonably have concluded that the plaintiff had left the state. The court was justified in finding for the defendant on the ground that there is no evidence that the defendant sold tools of plaintiff's which were exempt under the law. Tools are spoken of, but whether they were tools used in his business or not does not appear.

The judgment is accordingly affirmed.

MR. JUSTICE DENISON and MR. JUSTICE WHITFORD concur.